```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSEPH BLACKBURN, et al., | CIVIL ACTION NO. 06-4951 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| AVENTIS PHARMACEUTICALS, INC., et al., |  |
| Defendants. |  |

**THE PLAINTIFFS PRO SE**, Joseph Blackburn and Yvonne Blackburn, apply for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action brought against the defendants, (1) Aventis Pharmaceuticals, Inc. ("API"), as successor in interest to Hoechst Marion Roussel, Inc. ("HMR"), (2) Aventis, S.A. ("ASA"), (3) Wyeth Laboratories, Inc. ("WLI"), (4) American Home Products Corporation ("AHP"), (5) Wyeth-Ayerst International, Inc. ("WAI"), and (6) Dow Corning France, S.A. ("DCF").  The Court will address the Application before reviewing the complaint.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

**APPLICATION**

The plaintiffs assert that they are unemployed and have no savings, receive $833 a month in Social Security payments, own a home on which a bank holds a lien, and own a nine-year old car. (App., at 1-2.)  Joseph Blackburn also appears to suffer from a serious liver condition, discussed infra.  The Court will grant the Application.

**COMPLAINT**

The Court may direct <u>sua sponte</u> that a complaint be dismissed if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The Court must construe a <u>pro se</u> complaint liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not credit a plaintiff's bald assertions or legal conclusions.  <u>Id.</u>

The plaintiffs assert that Joseph Blackburn sustained liver damage due to ingesting the drugs Pyrazinamide and Rifampin for treatment of tuberculosis.  They assert that the defendants "own the patents, manfacture [sic], advertise, promote, and sell, and distribute" these drugs.  (Compl., at 8-9.)  Yvonne Blackburn brings a derivative cause of action as Joseph's wife.  They assert jurisdiction under Section 1332.  (<u>Id.</u> at 9.)

Joseph Blackburn has already fully litigated these claims against API, as successor in interest to HMR, and WLI.  <u>See</u> <u>Blackburn v. Hoechst Marion Roussel</u>, No. 04-65, 2005 WL 2076572 (N.D. W.Va. Aug. 24, 2005), <u>aff'd</u>, 159 Fed.Appx. 507 (4th Cir. 2005), <u>cert. denied</u>, 126 S.Ct. 2329 (2006).  The United States

District Court for the Northern District of West Virginia granted the respective motions by API, as successor in interest to HMR, and WLI to dismiss the claims insofar as asserted against them as being barred by the statute of limitations.  <u>Blackburn</u>, 2005 WL 2076572, at *5-*6.

The claims in this new federal action, therefore, are barred by either res judicata or collateral estoppel.  The Court may <u>sua sponte</u> consider affirmative defenses, which are generally subject to waiver by a defendant, when screening a <u>pro se</u> complaint in conjunction with an in-forma-pauperis application.  <u>Bieregu v. Ashcroft</u>, 259 F.Supp.2d 342, 355 n.11 (D.N.J. 2003); <u>Johnstone v. United States</u>, 980 F.Supp. 148, 153-54 (E.D. Pa. 1997).

**I.   Res Judicata**

The claims asserted by Joseph Blackburn against all of the defendants are barred by res judicata.  Yvonne Blackburn's derivative claims are necessarily barred for the same reason.  Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

<u>Sibert v. Phelan</u>, 901 F.Supp. 183, 186 (D.N.J. 1995).  Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised

3

in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id. All of the components of res judicata appear to be satisfied here.

### A. Judgment was valid, final, and on merits

A judgment issued by a federal district court in West Virginia dismissing a complaint as time-barred, which is then affirmed by the Fourth Circuit Court of Appeals and the subject of the United States Supreme Court's denial of a petition for certiorari, is valid, final, and on the merits. See Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995) (stating rules of finality, both statutory and judge made, treat dismissal on statute-of-limitations grounds as judgment on merits).

### B. Parties in both actions are same or in privity with each other

API, as successor in interest to HMR, and WLI were named in the West Virginia federal action. The other four defendants — according to the plaintiffs' own allegations — are in privity with API or WLI. (See Compl., at 8-9). There appears to be a corporate connection between ASA and API. Furthermore, the plaintiffs list WLI as AHP's subsidiary, AHP as WAI's subsidiary, and DCF as the "parent organization" of WLI, AHP, and WAI. Also, Yvonne Blackburn is in privity with Joseph Blackburn as his wife.

### C.    Claims arise from same transaction or occurrence

The plaintiffs' claims here — that Joseph Blackburn allegedly sustained injuries from ingesting certain drugs — arise from the same transactions or occurrences as the claims raised in the West Virginia federal action.  See Blackburn, 2005 WL 2076572, at *1-*5.

The Court notes further that the plaintiffs cannot seek relief here from an earlier judgment issued in another district court.  A litigant must seek relief from a judgment issued by a district court from (1) the same court, or (2) the proper Court of Appeals.  See Fed.R.Civ.P. 60 (motion for judge to grant relief from own judgment or order); Fed.R.App.P. 3-5 (concerning appeals from district-court judgment or order).

## II. Collateral Estoppel

The claims here are also barred by collateral estoppel. Collateral estoppel, or issue preclusion:

> proscribes relitigation when the identical issue already has been fully litigated. [It] may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

Bd. of Trs. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

The issue of whether Joseph Blackburn could recover damages for alleged injuries caused by the ingestion of Pyrazinamide and Rifampin was adjudicated by a federal district court, a Court of Appeals, and the United States Supreme Court.  The resulting judgment was final and on the merits.  See Plaut, 514 U.S. at 228.  Joseph Blackburn was a party to the prior adjudication, Yvonne Blackburn was in privity with him as his wife, and they had a full and fair opportunity to litigate these issues as litigants in the federal courts.

**CONCLUSION**

The complaint is frivolous and fails to state a claim on which relief may be granted on the grounds of res judicata and collateral estoppel.  The Court will dismiss the complaint, and designate the action as closed.  The Court will issue an appropriate order and judgment.[1]

        s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

---

[1] The plaintiffs' class-action allegations are now moot. In any event, the Court would have dismissed the class-action allegations because "pro se litigant[s] may not represent the interest of a class in a class action lawsuit." Ezekoye v. Ocwen Fed. Bank, 179 Fed.Appx. 111, 113 (3d Cir. 2006). Pro se plaintiffs generally cannot represent and protect the interests of a class fairly and adequately. Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993); Krebs v. Rutgers, State Univ. of N.J., 797 F.Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to pro se plaintiffs without sufficient legal education).